MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
MISAEL PEREDA ABARCA and ORLANDO
XOCUA DE LA CRUZ, *individually and on*
*behalf of others similarly situated,*

                         *Plaintiffs*,

        -against-

ANTALIA TURKISH CUISINE LLC (D/B/A
ANTALIA), OZAN EKMEL ANDA, DAVID
D KOCAK, and SERHAT (A.K.A. SERGIO)
CETINKAYA,

                         *Defendants*.
-------------------------------------------------------X

                              **COMPLAINT**

            **COLLECTIVE ACTION UNDER**
                **29 U.S.C. § 216(b)**

                     **ECF Case**

       Plaintiffs Misael Pereda Abarca and Orlando Xocua De La Cruz, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against Antalia Turkish Cuisine LLC (d/b/a Antalia), ("Defendant Corporation"), Ozan Ekmel Anda,  David D Kocak, and Serhat (a.k.a. Sergio) Cetinkaya, ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

<u>**NATURE OF ACTION**</u>

       1.     Plaintiffs are former employees of Defendants Antalia Turkish Cuisine LLC (d/b/a Antalia), Ozan Ekmel Anda, David D Kocak, and Serhat (a.k.a. Sergio) Cetinkaya.

2.    Defendants own, operate, or control a Turkish Restaurant, located at 17 West 45th St., New York, NY 10036 under the name "Antalia".

3.    Upon information and belief, Individual Defendants Ozan Ekmel Anda, David D Kocak, and Serhat (a.k.a. Sergio) Cetinkaya, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.    Plaintiffs were employees of Defendants.

5.    Plaintiffs were employed as delivery workers at the restaurant located at 17 West 45th St., New York, NY 10036.

6.    Plaintiffs were ostensibly employed as delivery workers. However, they were required to spend a considerable part of their work day performing non-tipped duties, including but not limited to carrying delivery boxes into the store, taking and carrying inventory down to the basement, taking out the trash, and cutting cardboard boxes (hereafter the "non-tipped duties").

7.    At all times relevant to this Complaint, Plaintiffs worked for Defendants without appropriate minimum wage compensation for the hours that they worked.

8.    Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked at the straight rate of pay.

9.    Furthermore, Defendants repeatedly failed to pay Plaintiffs wages on a timely basis.

10.    Defendants employed and accounted for Plaintiffs as delivery workers in their payroll, but in actuality their duties required a significant amount of time spent performing non-tipped duties alleged above.

11.    Regardless, at all relevant times, Defendants paid Plaintiffs at a rate that was lower than the minimum wage rate.

- 2 -

12.    However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day. 12 N.Y. C.R.R. §146.

13.    Upon information and belief, Defendants employed the policy and practice of disguising Plaintiffs' actual duties in payroll records by designating them as delivery workers instead of non-tipped employees. This allowed Defendants to avoid paying Plaintiffs at the minimum wage rate and enabled them to pay them at or above the tip-credit rate, but below the minimum wage.

14.    In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiffs' and other tipped employees' tips and made unlawful deductions from these Plaintiffs' and other tipped employees' wages.

15.    Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

16.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work without providing the minimum wage compensation required by federal and state law and regulations.

17.    Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

18.    Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

19.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

20.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Turkish Restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

### *Plaintiffs*

21.    Plaintiff Misael Pereda Abarca ("Plaintiff Pereda" or "Mr. Pereda") is an adult individual residing in New York County, New York. Plaintiff Pereda was employed by Defendants at Antalia from approximately December 2017 until on or about March 19, 2018.

22.    Plaintiff Orlando Xocua De La Cruz ("Plaintiff Xocua De La Cruz" or "Mr. Xocua De La Cruz") is an adult individual residing in Bronx County, New York. Plaintiff Xocua De La Cruz was employed by Defendants at Antalia from approximately June 13, 2015 until on or about September 10, 2016.

### *Defendants*

23.    At all relevant times, Defendants own, operate, or control a Turkish Restaurant, located at 17 West 45th St., New York, NY 10036 under the name "Antalia".

24.    Upon information and belief, Antalia Turkish Cuisine LLC (d/b/a Antalia) is a domestic corporation organized and existing under the laws of the State of New York. Upon

information and belief, it maintains its principal place of business at 17 West 45th St., New York, NY 10036.

25.    Defendant Ozan Ekmel Anda is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ozan Ekmel Anda is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Ozan Ekmel Anda possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26.    Defendant David D Kocak is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant David D Kocak is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant David D Kocak possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27.    Defendant Serhat (a.k.a. Sergio) Cetinkaya is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Serhat (a.k.a. Sergio) Cetinkaya  is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Serhat (a.k.a. Sergio) Cetinkaya possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls

significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

28.    Defendants operate a Turkish Restaurant located in the Midtown West section of Manhattan in New York City.

29.    Individual Defendants, Ozan Ekmel Anda, David D Kocak, and Serhat (a.k.a. Sergio) Cetinkaya, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

30.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

31.    Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

32.    Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

33.    In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

34.    Upon information and belief, Individual Defendants Ozan Ekmel Anda, David D Kocak, and Serhat (a.k.a. Sergio) Cetinkaya operate Defendant Corporation as either an alter ego

of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

    a)   failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b)   defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)   transferring assets and debts freely as between all Defendants,

    d)   operating Defendant Corporation for their own benefit as the sole or majority shareholders,

    e)   operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

    f)   intermingling assets and debts of their own with Defendant Corporation,

    g)   diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

    h)   Other actions evincing a failure to adhere to the corporate form.

35.   At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

36.   In each year from 2015 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

37.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

38.    Plaintiffs are former employees of Defendants who ostensibly were employed as delivery workers. However, they spent over 20% of each shift performing the non-tipped duties described above.

39.    Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Misael Pereda Abarca*

40.    Plaintiff Pereda was employed by Defendants from approximately December 2017 until on or about March 19, 2018.

41.    Defendants ostensibly employed Plaintiff Pereda as a delivery worker.

42.    However, Plaintiff Pereda was also required to spend a significant portion of his work day performing the non-tipped duties described above.

43.    Although Plaintiff Pereda ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

44.    Plaintiff Pereda regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

45.    Plaintiff Pereda's work duties required neither discretion nor independent judgment.

46.    From approximately December 2017 until on or about March 19, 2018, Plaintiff Pereda worked as a delivery worker from approximately 10:45 a.m. until on or about 2:30 p.m. to 3:00 p.m., Mondays through Fridays (typically 18.75 to 21.25 hours per week).

47.    Throughout his employment, Defendants paid Plaintiff Pereda his wages by check.

48.    From approximately December 2017 until on or about March 19, 2018, Defendants paid Plaintiff Pereda $10.85 per hour.

49.    Plaintiff Pereda's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

50.    For example, Defendants required Plaintiff Pereda to work an additional 30 minutes past his scheduled departure time two days a week, and did not pay him for the additional time he worked.

51.    Defendants never granted Plaintiff Pereda any breaks or meal periods of any kind.

52.    Plaintiff Pereda was never notified by Defendants that his tips were being included as an offset for wages.

53.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Pereda's wages.

54.    Defendants withheld a portion of Plaintiff Pereda's tips; specifically, Defendants pocketed a portion of all the tips customers paid through seamless.

55.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Pereda regarding overtime and wages under the FLSA and NYLL.

56.    Defendants did not provide Plaintiff Pereda an accurate statement of wages, as required by NYLL 195(3).

57.    In fact, Defendants adjusted Plaintiff Pereda's paystubs so that they reflected inaccurate wages and hours worked.

58.     Defendants did not give any notice to Plaintiff Pereda, in English and in Spanish (Plaintiff Pereda's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

59.     Defendants required Plaintiff Pereda to purchase "tools of the trade" with his own funds—including two bicycles, two lights, two helmets, two ringing bells, pants, shoes, a basket, a lock and a chain.

*Plaintiff Orlando Xocua De La Cruz*

60.     Plaintiff Xocua De La Cruz was employed by Defendants from approximately June 13, 2015 until on or about September 10, 2016.

61.     Defendants ostensibly employed Plaintiff Xocua De La Cruz as a delivery worker.

62.     However, Plaintiff Xocua De La Cruz was also required to spend a significant portion of his work day performing the non-tipped duties described above.

63.     Although Plaintiff Xocua De La Cruz ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

64.     Plaintiff Xocua De La Cruz regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

65.     Plaintiff Xocua De La Cruz 's work duties required neither discretion nor independent judgment.

66.     From approximately June 13, 2015 until on or about January 2016, Plaintiff Xocua De La Cruz worked as a delivery worker from approximately 6:00 p.m. until on or about 10:30 p.m., Mondays through Fridays and from approximately 5:00 p.m. until on or about 10:30 p.m., Saturdays (typically 28 hours per week).

67.    From approximately January 2016 until on or about April 2016, Plaintiff Xocua De La Cruz worked as a delivery worker from approximately 6:00 p.m. until on or about 10:30 p.m., Mondays through Fridays (typically 22.5 hours per week).

68.    From approximately April 2016 until on or about September 10, 2016, Plaintiff Xocua De La Cruz worked as a delivery worker from approximately 6:00 p.m. until on or about 10:30 p.m., Mondays through Fridays (typically 22.5 hours per week).

69.    Throughout his employment, Defendants paid Plaintiff Xocua De La Cruz his wages by check.

70.    From approximately August 2015 until on or about January 2016, Defendants paid Plaintiff Xocua De La Cruz  $5.65 per hour.

71.    From approximately January 2016 until on or about September 10, 2016, Defendants paid Plaintiff Xocua De La Cruz $7.50 per hour.

Defendants did not pay Plaintiff Xocua De La Cruz any wages for his additional work on Christmas, 4th of July and other holidays.

72.    Plaintiff Xocua De La Cruz's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

73.    For example, Defendants required Plaintiff Xocua De La Cruz to work an additional 30 minutes past his scheduled departure time every day, and did not pay him for the additional time he worked.

74.    Defendants never granted Plaintiff Xocua De La Cruz  any breaks or meal periods of any kind.

75.    Plaintiff Xocua De La Cruz  was never notified by Defendants that his tips were being included as an offset for wages.

76.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Xocua De La Cruz's wages.

77.    Defendants withheld a portion of Plaintiff Xocua De La Cruz's tips; specifically, Defendants pocketed a portion of all the tips customers paid through Seamless.

78.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Xocua De La Cruz  regarding overtime and wages under the FLSA and NYLL.

79.    Defendants did not provide Plaintiff Xocua De La Cruz an accurate statement of wages, as required by NYLL 195(3).

80.    Defendants did not give any notice to Plaintiff Xocua De La Cruz, in English and in Spanish (Plaintiff Xocua De La Cruz's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

81.    Defendants required Plaintiff Xocua De La Cruz to purchase "tools of the trade" with his own funds—including three bicycles, a bike repair, a helmet, lights, a bell, a chain and a lock.

*Defendants' General Employment Practices*

82.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work without paying them appropriate minimum wage as required by federal and state laws.

83.    Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

84.    Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

85. Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

86. Defendants required Plaintiffs and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers. These Plaintiffs and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-tipped duties.

87. Plaintiffs' duties were not incidental to their occupation as tipped workers, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

88. These Plaintiffs and all other tipped workers were paid at a rate that was below minimum wage by Defendants.

89. However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and these Plaintiffs' non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

90. New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

91. In violation of federal and state law as codified above, Defendants classified these Plaintiffs and other tipped workers as tipped employees, and paid them at a rate that was below

minimum wage when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

92.    Defendants failed to inform Plaintiffs who received tips that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

93.    Defendants failed to inform Plaintiffs who received tips, that their tips were being credited towards the payment of the minimum wage.

94.    Defendants failed to maintain a record of tips earned by Plaintiffs who worked as delivery workers for the tips they received.

95.    As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs  who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving delivery workers of a portion of the tips earned during the course of employment.

96.    Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

97.    Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

98.    Defendants' time keeping system did not reflect the actual hours that Plaintiff Pereda worked.

99.   Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

100.  Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

101.  Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

102.  Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

103.  Defendants failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

104.  Defendants failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the

minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

105.   Plaintiffs bring their FLSA minimum wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

106.   At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and willfully failing to keep records as required by the FLSA.

107.   The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

108.   Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

109.   At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their

employment, and determined the rate and method of any compensation in exchange for their employment.

110.  At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

111.  Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

112.  Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

113.  Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

114.  Plaintiffs (and the FLSA Class members)were damaged in an amount to be determined at trial.

<u>**SECOND CAUSE OF ACTION**</u>

**VIOLATION OF THE NEW YORK MINIMUM WAGE ACT**

115.  Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

116.  At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

117.  Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

118.  Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

119.  Plaintiffs (and the FLSA class member) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

120.  Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

121.  Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

122.  Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

123.  Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

124.  With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and

basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

125.   Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

126.   Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

127.   Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

128.   Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

## OF THE NEW YORK LABOR LAW

129.   Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

130.   At all relevant times, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

131.   New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the

gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

132.  Defendants unlawfully misappropriated a portion of Plaintiffs' tips that were received from customers.

133.  Defendants knowingly and intentionally retained a portion of Plaintiffs' tips in violations of the NYLL and supporting Department of Labor Regulations.

134.  Plaintiffs were damaged in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

135.  Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

136.  Defendants did not pay Plaintiffs on a regular weekly basis, in violation of NYLL §191.

137.  Defendants are liable to each Plaintiff in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(e)    Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)    Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(h)    Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiffs;

(i)    Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(j)    Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiffs;

(k)    Awarding Plaintiffs damages for the amount of unpaid minimum wage, and for any improper deductions or credits taken against wages as applicable

(l)    Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)    Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n)    Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(o)    Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(p)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
           May 16, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    _____/s/ Michael Faillace_____
           Michael Faillace [MF-8436]
           60 East 42nd Street, Suite 4510
           New York, New York 10165
           Telephone: (212) 317-1200
           Facsimile: (212) 317-1620
           *Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

March 13, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Misael Pereda-Abarca

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     13 de marzo de 2018

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

September 27, 2016

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Orlando Xocua De la Cruz

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                    27 de septiembre de 2016