# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510            Telephone: (212) 317-1200
New York, New York 10165            Facsimile: (212) 317-1620
_____

michael@faillacelaw.com

May 13, 2019

**BY ECF**
Hon. Gabriel W. Gorenstein
United States Magistrate Judge
Chief U.S. Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

           Re:     Pereda Abarca et al v. Antalia Turkish Cuisine LLC et al
                      1:18-cv-04380

Your Honor:

     This office represents Plaintiffs Misael Pereda Abarca and Orlando Xocua De la Cruz ("Plaintiffs") in the above-referenced matter. Plaintiffs write to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair.

     The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions. A copy of the proposed Agreement is attached hereto as "Exhibit A." We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice.

1. **Background**

     Plaintiffs their Complaint against Defendants alleging claims for unpaid minimum wage, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

     Plaintiff Pereda was employed by Defendants from approximately December 2017 until on or about March 19, 2018. From approximately December 2017 until on or about March 19, 2018, Defendants paid Plaintiff Pereda $10.85 per hour.

Page 2

Plaintiff Xocua De La Cruz was employed by Defendants from approximately June 13, 2015 until on or about September 10, 2016. From approximately August 2015 until on or about January 2016, Defendants paid Plaintiff Xocua De La Cruz $5.65 per hour. From approximately January 2016 until on or about September 10, 2016, Defendants paid Plaintiff Xocua De La Cruz $7.50 per hour.

Defendants categorically deny the allegations in the Complaint.

## 2. **Settlement Terms**

Plaintiff Pereda alleges he was entitled to back wages of approximately $485.00 Plaintiff Pereda estimates that if he had recovered in full for his claims, he would be entitled to approximately $7,145.26 which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. Plaintiff Xocua De La Cruz alleges he was entitled to back wages of approximately $4,029.20. Plaintiff Xocua De La Cruz estimates that if he had recovered in full for his claims, he would be entitled to approximately $15,880.34 which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs.

A copy of Plaintiffs damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit B." After a mediation conference, the parties have agreed to settle this action for the total sum of $4,500. The settlement will be paid in monthly installments.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiffs' claims. Defendants were adamant that Plaintiff worked less hours than he claimed, and indicated they were willing to provide witnesses to this effect. Furthermore, Defendants alleged credible financial difficulties.

Considering the risks in this case outlined above, Plaintiff believes that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

## 3. **Plaintiff's Attorneys' Fees are Fair and Reasonable**

Page 3

Under the settlement, and in accordance with their retainer agreement with Plaintiff Zapata, Plaintiff Zapata's counsel will receive $1,500 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation (inclusive of costs), and a considerably lower amount than the total lodestar as well as a significant reduction in fees from what is identified in Plaintiffs' retainer agreement, which provides that forty percent of Plaintiff Zapata's recovery will be retained by the firm plus costs.

Plaintiffs' counsel's lodestar in this case is $5,812.50. A copy of Plaintiffs' billing record is attached as "Exhibit C." Mr. Faillace's standard billing rate is $450 an hour, Mr. Clark's standard billing rate is $375 an hour and "PL" stands for work performed by Paralegal and it is billed at $100 an hour.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit.").

In light of the nature of the issues herein, the extensive negotiations necessary to reach the agreed-upon settlement and the fact that the amount requested is a considerable reduction of Plaintiffs' counsel's lodestar (as per Exhibit C), Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiff's counsels' significant experience representing Plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations.

A brief biography of the attorneys who performed billed work in this matter is as follows:

I am the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983. From 1983 to 2000, I was in-house Employment Counsel with International Business Machines Corporation (IBM). I taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and am a nationally-renowned speaker and writer on employment law.

Page 4

I am also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

Shawn Clark was a senior associate at Michael Faillace & Associates. Attorney Clark graduated from New York University School of Law in 2010, where he was a Dean's Scholar and an articles editor for the New York University Journal of Legislation and Public Policy. During law school Attorney Clark interned in the trial sections of the United States Attorney's Office for the Eastern District of New York and the New York County District Attorney's Office, and assisted United States District Judge John Gleeson with formulating a curriculum for newly appointed appellate judges at New York University's Opperman Institute for Judicial Administration. Following law school, Attorney Clark was awarded a NYPD Law Graduate Fellowship, a program by the New York City Police Foundation and New York City Law Department which selects a single outstanding law school graduate per year. In 2010, Attorney Clark worked in the Legal Bureau of NYPD under the direct supervision of the NYPD's chief legal officer, where he advised police executives on a variety of criminal and employment law issues. In the remaining years of the fellowship Attorney Clark was assigned to the Special Federal Litigation Division of the New York City Law Department, where he was responsible for defending Section 1983 litigation brought against police, district attorney and correction defendants in the Southern and Eastern Districts of New York. Attorney Clark is an active member of the New York City Bar Association and the New York Chapter of the National Employment Lawyers Association. He has been selected as a Super Lawyers Rising Star yearly since 2015.

Finally, as per your Honor's Order, we are attaching the counter signed retainer agreements executed by Plaintiffs, as Exhibit D.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

                                        Respectfully submitted,

                                        /s/Michael Faillace
                                        Michael Faillace, Esq.
                                        MICHAEL FAILLACE & ASSOCIATES, P.C.
                                        Attorneys for the Plaintiff

Enclosures